```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 16-24622-Civ-GRAHAM
                                    MAGISTRATE JUDGE P. A. WHITE
GREGORY WOODEN,

     Plaintiff,

vs.                                      REPORT OF
                                       MAGISTRATE JUDGE
ANDREW F. RIER,

     Defendant.
_____/
```

## I. Introduction

The Plaintiff, Gregory Wooden, while confined at the Metro-West Detention Center in Miami, Florida, has filed this *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983. (DE#1). He sues the sole Defendant, his state criminal defense counsel, Andrew F. Rier, Esquire.

Plaintiff has neither filed a motion seeking to proceed *in forma pauperis* nor paid the Clerk's $350.00 filing fee. However, in a separate §1983 action recently filed with this court, Wooden v. Armenteros, S.D. Fla. Case No. 16-24433-Civ-Moreno, Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") with supporting inmate account statement. Review of that motion reveals that the Plaintiff is entitled to pauper status. Under the circumstances, by separate court order, the Plaintiff has been granted IFP status here. Thus, Plaintiff is now proceeding IFP and is subject to §1915(e)(2) screening requirements.

It is only where a Plaintiff is not proceeding IFP, that his pleadings are not subject to the screening provision of 28 U.S.C. §1915(e)(2). See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir.

2003) ("Logically, §1915(e) only applies to cases in which the plaintiff is proceeding IFP"); see also, Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(citations omitted). Regardless, whether the plaintiff is proceeding IFP or not, since Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his pleadings are subject to screening under 28 U.S.C §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

It is noted that pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for screening of the plaintiff's **Complaint (DE#1),** pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires that the court review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officers or employee of a governmental entity." 28 U.S.C. §1915A(a). On review, the district court is required to "identify cognizable claim or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or, seeks monetary relief against a defendant who is immune from such

relief. See 28 U.S.C. §1915(A)(b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a §1985 or §1983 claim, a plaintiff must

demonstrate that (1) the defendant(s) deprived plaintiff of a right secured under the Constitution or federal law, and (2) that such a deprivation occurred under color of state law. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(quoting Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

4

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III. Facts Set Forth in the Complaint

Plaintiff sues his state defense counsel, Andrew F. Rier. (DE#1). He claims counsel has failed to file a pretrial motion to dismiss, and is working with the prosecution to send him to prison for life if Plaintiff refuses to accept a state plea offer. The Plaintiff alleges he prepared a *pro se* motion to dismiss, and requested counsel to adopt the motion, but counsel refused to do so. Plaintiff states his defense counsel is preventing him from lodging a defense to the charges. He further argues that defense counsel is permitting the prosecutor not to disclose the identity of the CI, nor even investigate the issue surrounding whether the police "framed" him. He seeks compensatory and punitive damages, together with injunctive relief.

### IV. Discussion

It is well settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. United States v. Nickson, 521 Fed.Appx. 867, 868 (11th Cir. 2013)(quoting, United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

5

entitled to relief. <u>Jones v. Bock</u>, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." <u>Almand v. DeKalb County, Ga.</u>, 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. <u>Id</u>. at 1513 (<u>citing</u> <u>Baker v. McCollan</u>, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." <u>See</u> <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001).

Thus, to state a viable claim for relief in a 42 U.S.C. §1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. <u>American Manufacturers Mutual Ins. Co. v. Sullivan</u>, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); <u>Willis v. University Health Serv's, Inc.</u>, 993 F.2d 837, 840 (11th Cir. 1993). The complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

### A. **<u>Preiser/Heck Bar</u>**

Plaintiff cannot maintain this §1983 action to challenge the lawfulness of his arrest, his current detention, the criminal charges against him and the pending criminal prosecution, because the Complaint is barred pursuant to the doctrines set forth in <u>Preiser</u> and <u>Heck</u>.

The Supreme Court has specifically held that a civil rights action is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499–500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus."). See also Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)(explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. §1983).

Furthermore, the Supreme Court expressly held in Heck v. Humphrey that when an inmate's allegations rest on the invalidity of his imprisonment, his civil rights claim does not accrue until that invalidity is proven. 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also Edwards v. Balisok, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(extending *Heck* to certain types of due process challenges brought under §1983). The Supreme Court in Edwards remarked that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that §1983 claim, or here *Bivens*-claim, claim must be dismissed unless the conviction has already been invalidated. Edwards, 520 U.S. at 487.

More pertinent to the instant action, Heck has been applied to suits filed by pretrial detainees, such as the instant Plaintiff.

7

Mallery v. McLeod, 2012 WL 2378140, at *3-4 (N.D.Fla. 2012)(*citing* Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004); Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996). See also Johnson v. Chisholm, 2009 WL 3481904, at *1 (S.D.Ga. 2009)(explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under §1983 because his sole remedy was to file a habeas petition under 28 U.S.C. §2241). In this case, if convicted, the plaintiff may file a a direct appeal, together with a state petition for writ of habeas corpus, challenging counsel's effectiveness. After he has exhausted all of his state court remedies, he may then return to this court challenging his conviction(s) pursuant to 28 U.S.C. §2254. At this juncture, however, his claims are barred by Heck and its progeny.

Therefore, to the extent Plaintiff is dissatisfied with the ongoing proceedings in his state criminal case, such claims are not cognizable in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are premature and not cognizable under §1983.

### B. <u>Younger Abstention</u>

Lastly, Courts do not generally interfere with ongoing state courts proceedings, in which the Plaintiff is represented by an attorney. Careful review of the on-line docket in Miami-Dade County Circuit Court, case no. F14-01646A, reveals that Plaintiff was charged with multiple offenses, including delivery with intent to sell cocaine, and selling cocaine within 1000 ft of a church, possession of a controlled substance, and felon in possession of a weapon, all of which were *nolle prossed* by the state. However, it also appears that he was scheduled for trial as to the remaining charges of sale/delivery of a controlled substance, possession with intent to deliver cannabis, and another felon in possession of a firearm offense. Moreover, by Plaintiff's own admission here, he is currently a pre-trial detainee in an ongoing criminal proceeding, for which he was arrested and charged, with counsel having filed his appearance in May 2016. Here, it is worth noting that Plaintiff has failed to state sufficient facts to support his claim. He does not identify the precise case number in which counsel is providing the Plaintiff with representation before the state criminal courts.

Regardless, under the foregoing circumstances, principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. See <u>Younger v. Harris</u>, 401 U.S. 37 (1971). "<u>Younger</u> abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Christman v. Crist</u>, 315 Fed. Appx. 231, 232 (11 Cir. 2009) (<u>citing</u> <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11 Cir. 2003)). The plaintiff has provided no sufficient reason for this Court to

overlook the principles of abstention. See Turner v. Broward Sheriff's Office, 542 Fed.Appx. 764, 766 (11th Cir. 2013)(citing Christman v. Crist, 315 Fed.Appx. 231, 232 (11th Cir. 2009); 31 Foster Children v. Bush, 329 F.3d 1255, 1275-82 (11th Cir. 2003)).

Consequently, Younger requires that "federal courts abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an 'embryonic stage and no contested matter [has] been decided." Turner v. Broward Sheriff's Office, 542 Fed.Appx. at 766; (quoting For Your Eye Alone, Inc. v. City of Columbus, 281 F.3d 1209, 1217 (11th Cir. 2002); Redner v. Citrus Cnty., 919 F.2d 646, 649 (11th Cir. 1990)).  Here, as in Turner, supra, Younger abstention is appropriate because (1) the state court criminal charges were already pending when he instituted this proceeding; (2) the criminal proceedings involve important state interests; and, (3) Plaintiff could raise his constitutional challenges in the state criminal proceedings. Turner, 542 Fed.Appx. 766-67.

This Court lacks jurisdiction under principles of abstention to the extent that the relief the Plaintiff seeks would interfere with the State court's judicial process or overturns a state court decision on the merits. See generally Younger v. Harris, 401 U.S. 37 (1971); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see, e.g, Hollins v. Wessel, 819 F.2d 1073, 1074 (11th Cir. 1987) ("The jurisdiction possessed by district courts is strictly original ..., and review of final judgments of a state court in judicial proceedings is reserved to the Supreme Court of the United States...."). Thus, any challenge to the validity of the ongoing state court proceedings mentioned above is due to be dismissed from

this case.

This is so because Plaintiff has not alleged that the state court proceedings regarding the charges which appear to form the bases of his complaints here about counsel will not provide him with an adequate opportunity to raise his federal constitutional claims. He has further failed to allege, let alone demonstrate, any prosecutorial or judicial bad faith, or for that matter any ineffectiveness by counsel, nor is any readily apparent from the record. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues in the state court system. See generally, Doby v. Strength, 758 F.2d 1405 (11th Cir. 1985).

The Plaintiff, however, is advised that in the event that he wishes to challenge the fact or duration of his confinement, he must do so by filing a proper habeas petition pursuant to §2241.[2] Such a petition cannot be brought in this federal court until after full exhaustion of all state court remedies.[3] See Wilkinson v.

---

[2] Pre-trial habeas petitions are properly brought under 28 U.S.C. §2241, which applies to persons in custody regardless of whether final judgment has been rendered. Stacey v. Warden, Apalachee Correctional Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988), citing, Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987).

[3] An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). See Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). A petitioner who is awaiting trial on state criminal charges and challenges those charges generally must allow the case to go to trial and through the state appellate process to satisfy the exhaustion requirement. See Brown v. Estelle, 530 F.2d 1280, 1282–83 (5th Cir. 1976); Tooten v. Shevin, 493 F.2d 173, 175–77 (5th Cir. 1974)(holding that state pre-trial detainee who had litigated a pre-trial challenge to the constitutionality of her prosecution all the way to the Florida Supreme Court must go through trial and direct appeals before seeking federal habeas relief). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29-30 (2004) 541 U.S. at 29-30; Duncan v. Henry, 513 U.S. 364, 365-366 (1995). See also

Dotson, 544 U.S. 74, 79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

## C. Absolute Immunity

Alternatively, even if the court were to consider the merits of the Plaintiff's allegations against counsel, the complaint fails to state a claim upon which relief can be granted. Plaintiff sues his defense attorney claiming counsel failed to file a pretrial motion to dismiss charges in his pending state court criminal prosecution in Miami-Dade County Circuit Court. Review of the Miami-Dade criminal docket reveals that Attorney Andrew Rier represents the Plaintiff in Case No. F14-01646A, on charges of possession with intent to deliver cocaine and related offenses. According to the Plaintiff, based on an alibi witness that stated the Plaintiff never sold any drugs to a confidential informant, the original charges filed were dismissed in June 2015. Now, Plaintiff claims that he is being charged with drugs that were found as a result of the search done at that time. He asked counsel to file a motion to dismiss, but claims counsel refused to do so. Plaintiff suggests that counsel is working with the state prosecutor to send him to prison for life unless the Plaintiff accepts a state plea offer. Finally, he suggests that counsel is denying him a defense at trial. Plaintiff admits here that he is currently a pretrial detainee on the Miami-Dade County Circuit Court charges complained of herein.[4] Defense counsel Rier, however, is immune from §1983 suit, because he is not a state actor, as the statute requires. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defenders do not act as state actors, and they

---

O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

[4]The undersigned takes judicial notice of the Miami-Dade Circuit Court's on-line docket which can be found at https://www2.miami-dadeclerk.com/CJIS/CaseSearch.aspx. See Fed.R.Evid. 201.

are thus not suable under §1983). Consequently, the Plaintiff has failed to state a claim upon which relief can be granted.

## V. Conclusion

For all of the foregoing reasons, it is recommended that this case be dismissed, pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and as frivolous, Carroll v. Gross, et al., 984 F.2d 392, 393 (11th Cir. 1993); and, that this case be closed.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in Johnson in that any amended complaint would be frivolous). See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C.

§636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

    Signed this 13th day of December, 2016.

                                              UNITED STATES MAGISTRATE JUDGE

cc:    Gregory Wooden, Pro Se
       Inmate #160143006
       Metro West Detention Center
       13850 NW 41 Street
       Miami, FL 33178